947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert TOWNSEND, Major, Plaintiff-Appellant,
v.
SECRETARY OF the AIR FORCE, Defendant-Appellee.
 No. 90-1168.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1991.
Decided Nov. 12, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-90-734-A)
 Argued: Guy J. Ferrante, King & Everhard, P.C., Falls Church, Va., for appellant; Robert C. Erickson, Jr., Assistant United States Attorney, Alexandria, Va., for appellee.
 On Brief: Henry E. Hudson, United States Attorney, Larry Lee Gregg, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, MALCOLM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation, and HENRY M. HERLONG, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Major Robert Townsend ("Townsend") appeals the district court's grant of summary judgment in favor of the Secretary of the Air Force ("Secretary") and the denial of his motion for summary judgment. Townsend, a retired career Air Force officer, sought correction of his Officer Efficiency Reports ("OER") issued in 1975, 1976, and 1977. In a bench ruling, the district court held that Townsend's claim was barred by the three-year statute of limitations for correcting military records and that the tolling provision of the Soldiers and Sailors Civil Relief Act did not apply to an active duty career military officer's action to correct his military records. We affirm.
 
 
 2
 Townsend's military career as an officer began in 1969. Throughout his career, he received extremely laudatory OERs, with the exception of three OERs issued in 1975, 1976, and 1977. The three unfavorable OERs were promulgated under Air Force Regulation AFR 36-10, a short-lived evaluation method which differed substantially from prior practices. Although aware of the OERs at the time they were issued, Townsend did not challenge them until July 28, 1986, after he learned that he was passed over for promotion to Lieutenant Colonel primarily because of the 1975 OER.* He submitted an application to the Officer Personnel Records Review Board (OPRRB) requesting deletion of the 1975 OER and amendment of the 1976 and 1977 OERs.
 
 
 3
 The OPRRB denied Townsend's application. Townsend immediately appealed the OPRRB's decision to the Air Force Board of Correction of Military Records ("AFBCMR"). The AFBCMR rejected Townsend's application as untimely because it was not filed within the three-year statute of limitations. The AFBCMR refused to waive the three-year limitation because Townsend failed to provide persuasive reasons for the delay or to show evidence of injustice resulting from nonwaiver of the limitations period.
 
 
 4
 Following the denial of his application with the AFBCMR, Townsend filed this action in the United States District Court for the Eastern District of Virginia challenging the AFBCMR's application of the three-year statute of limitations. The parties filed cross-motions for summary judgment, and the district court awarded summary judgment in favor of the Secretary. The district court rejected Townsend's arguments that he did not "discover" the erroneous OER until he was passed over for promotion to Lieutenant Colonel and that the Soldiers and Sailors Civil Relief Act ("SSCRA") tolled the statute of limitations while he was on active duty.
 
 
 5
 The standard of review for summary judgment is de novo. Summary judgment should be sustained only if this court finds that no genuine issues of material fact exist and the moving party was entitled to judgment as a matter of law. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 6
 A military serviceman's request for the correction of military records must be made within three years after discovery of the error or injustice. 10 U.S.C. § 1552(b) (1988). The correction board may excuse the failure to file within three years if necessary to promote the interest of justice. Id.
 
 
 7
 The parties do not dispute that Townsend knew of his unfavorable ratings at the time the 1975, 1976, and 1977 OERs were issued. However, Townsend alleges that he did not discover the injustice until 1985 when he learned that he was denied promotion to Lieutenant Colonel because of the OERs. Townsend argues that his application to the AFBCMR filed on November 26, 1986, was timely. The Secretary contends that Townsend discovered the errors or injustice in 1975, 1976, and 1977 when the OERs were issued, or at the latest in 1980 when he was not promoted to Major.
 
 
 8
 A statute of limitations commences once an individual knows of the wrongful conduct, even if the consequences of that conduct are not yet known. United States v. Kubrick, 444 U.S. 111, 122 (1979). Although Townsend may not have fully understood the consequences of the 1975, 1976, and 1977 OERs at that time, he knew the unfavorable contents. Accordingly, we find that Townsend discovered the errors or injustice in his military records in 1975, 1976, and 1977 when the OERs were issued. Because he did not file an application for correction with the AFBCMR until 1986, more than three years after discovery of the errors, his request for correction was time barred.
 
 
 9
 Townsend contends that the interest of justice requires that the AFBCMR excuse his failure to file within three years. The decision to waive the limitations period is discretionary with the AFBCMR. To challenge the AFBCMR's decision not to waive the three-year limitations period, Townsend must show abuse of discretion. Chappell v. Wallace, 462 U.S. 296, 303 (1983). We find that Townsend has not met that burden of proof.
 
 
 10
 Finally, Townsend invokes the tolling provision of the SSCRA, 50 U.S.C. § 525 (1988), which excludes periods of military service from the computation of statutes of limitations. The language of the SSCRA, read alone, supports Townsend's argument:
 
 
 11
 The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by ... any person in military service....
 
 
 12
 Id.
 
 
 13
 However, the Supreme Court charged lower courts to "see that the immunities of the [SSCRA] are not put to such unworthy use." Boone v. Lightner, 319 U.S. 561, 575 (1942). The SSCRA may not be used to delay litigation if the claim that military service prejudiced the bringing of the action is groundless. Id. The district court recognized the apparent conflict between § 1552(b) and the SSCRA and attempted to reconcile the two statutes in furtherance of the respective underlying policies:
 
 
 14
 It would be an anomaly to allow in this sort of case an active-duty career service officer to say that while he was on active duty, the limitation period for his filing an administrative claim to correct his record was tolled, it would never accrue until he retired, even if, as counsel point out, he had known it for 20 years.
 
 
 15
 Jt.App. at 2.
 
 
 16
 We refuse to employ the SSCRA in cases such as this where a serviceman's military service posed no obstacle to his ability to prosecute or defend his claim. Townsend's ability to correct his military records in a timely manner was not hindered or prejudiced because of his military service. Applying the SSCRA in this instance would exploit the SSCRA for unworthy and dilatory purposes.
 
 
 17
 Accordingly, the decision of the district court awarding summary judgment to the Secretary of the Air Force is
 
 
 18
 AFFIRMED.
 
 
 
 *
 Townsend was also not selected for promotion by the 1980 Major Selection Board, although he was promoted the following year